Mr. Steve N. Wilson, Director Arkansas Game Fish Commission No. 2 National Resources Drive Little Rock, AR 72205
Dear Mr. Wilson:
This is in response to your letter wherein you requested an official opinion to the following question:
 1. It is requested that you give us the benefit of your legal opinion as to whether the Arkansas Game and Fish Commission is exempt from the requirements of Act 482 of 1979 in the procurement of commodities or services not subject to Amendment 54. It is conceded that the procurement of items subject to Amendment 54 are [is] subject to Act 482.
Section 1 of Amendment 35 to the Arkansas Constitution reads in part as follows:
 Sec. 1. Commission created — Members — Powers. — The control, management, restoration, conservation and regulation of birds, fish, game and wildlife resources of the State, including hatcheries, sanctuaries, refuges, reservations and all property now owned, or used for said purposes and the acquisition and establishment of same, the administration of the laws now and/or hereafter pertaining thereto, shall be vested in a Commission to be known as the Arkansas State Game and Fish Commission, to consist of eight members.
Section 8 of Amendment 35 to the Arkansas Constitution reads in part as follows:
 The fees, monies, or funds arising from all sources by the operation and transaction of the said Commission and from the application and administration of the laws and regulations pertaining to birds, game, fish and wildlife resources of the State and the sale of property used for said purposes shall be expended by the Commission for the control, management, restoration, conservation and regulation of the birds, fish and wildlife resources of the State, including the purchases or other acquisitions of property for said purposes and for the administration of the laws pertaining thereto and for no other purposes. . . . Said Commission shall have the power to acquire by purchase, gifts, eminent domain, or otherwise, all property necessary, useful or convenient for the use of the Commission in the exercise of any of its duties, and in the event the right of eminent domain is exercised, it shall be exercised in the same manner as now or hereafter provided for the exercise of eminent domain by the State Highway Commission.
Whereas, Section 5 of Amendment 35 to the Arkansas Constitution reads as follows:
 Sec. 5. Removal of members — Hearing — Review and appeal. — A Commissioner may be removed by the Governor only for the same causes as apply to other Constitutional Officers, after a hearing which may be reviewed by the Chancery Court for the First District with right of appeal therefrom to the Supreme Court, such review and appeal to be without presumption in favor of any finding by the Governor or the trial court.
The Arkansas Purchasing Law, compiled as Ark. Stat. Ann. 14-233 — 293 (Repl. 1979), defines State Agency in Ark. Stat. Ann. 14-240(Y), which reads as follows:
 (Y) State Agency means any office, department, commission, council, board, bureau, committee, institution, legislative body, agency, government corporation, or other establishment or official of the executive, judicial or legislative branch of this State, except exempt agencies in their procurement of items not subject to Amendment 54 to the Arkansas Constitution. State agency includes exempt agencies when any State agency or exempt agency procures any item subject to Amendment 54 to the Arkansas Constitution.
Ark. Stat. Ann. 14-240(M) defines Exempt Agency as follows:
 (M) Exempt Agencies means the Constitutional Departments of State, including the Legislative Council and the Legislative Audit Committee.
In view of the foregoing constitutional language, it is clear that the Arkansas Game and Fish Commission has the exclusive power to control, manage, restore, conserve and regulate the birds, fish, game and wildlife resources of the State. Section 8 further provides that all fees, monies, or funds may be expended by the Commission to purchase property for said purposes and for the administration of the laws pertaining thereto and for no other purposes. Whereas, Section 5 refers to the removal of a Commissioner, and state the same basis to apply as would for OTHER CONSTITUTIONAL OFFICERS.
In Farris v. Arkansas State Game and Fish Commission, 228 Ark. 776,310 S.W.2d 231 (1958), the powers and authority of the Commission were reviewed, and in the more recent decision of Ark. Game and Fish Commission v. Stanley, 260 Ark. 176, 538 S.W.2d 533
(1976), the Supreme Court stated:
 In considering the question of the powers of the Commission, we must first view Constitutional Amendment 35, which, of course, is an act of the ultimate sovereign, the people of Arkansas, and is subject only to constitutional, not legislative or judicial, limitations.
It is, therefore, my opinion that the Arkansas Game and Fish Commission is a Constitutional Department and an exempt agency pursuant to Act 482 of 1979.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Garry S. Wann.